SAMUEL H. SHELTON v. WILLIAM WADE.

The Constitution of the Republic (Declaration of Rights, Sec. 16,) contained as express and positive an inhibition of the enactment of any law impairing the obligation of contracts, as does the Constitution of the United States. The Act under which the discharge in bankruptcy was obtained, was passed subject to that inhibition. The contract was made in a foreign State, between citizens of a foreign State, and antecedent in time to the passage of the law under which the discharge was obtained. The case, therefore, comes within the principle of the case of Beers & Smith v. Rhea, 5 Tex. R. 349.

Appeal from Fort Bend. Suit by appellant against appellee and another, commenced December 24th, 1842, on a promissory note, dated September 4th, 1837, and due January 1st, 1839, executed in the State of Mississippi, the parties being citizens of the United States at that time. The appellee pleaded his discharge in bankruptcy under the Act of January 19th, 1841, of the Congress of the Republic. The plaintiff asked the Court to charge the jury, that the discharge did not release the defendant from debts contracted before the passage of the law under which it was obtained. This charge the Court refused to give, and charged the jury directly the contrary. Verdict and judgment in favor of the appellee, and against his co-defendant. Plaintiff appealed.

*Harris & Pease*, for appellant.

*N. H. Munger*, for appellee.

WHEELER, J. The only question which it is material to consider is, whether the Court ruled correctly in holding the discharge in bankruptcy, pleaded and given in evidence by the defendant Wade, effectual to release him from liability on the contract sued on. The Constitution of the Republic (Declara-

tion of Rights, Sec. 16,) contained as express and positive an inhibition of the enactment of any law impairing the obligation of contracts, as does the Constitution of the United States. The Act under which the discharge in bankruptcy was obtained, was passed subject to that inhibition. The contract was made in a foreign State, between citizens of a foreign State, and antecedent in time to the passage of the law under which the discharge was obtained. The case, therefore, comes within the principle of the case of Beers & Smith v. Rhea. (5 Tex. R. 349.) And upon the principle of that decision, it must be held that the Court erred in adjudging the discharge effectual to release the defendant from liability on the contract. The judgment must therefore be reversed as to the defendant Wade, and the cause remanded.

Reversed and remanded.